WILLIAM JOHN TERBERG II, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Terberg v. Commissioner
Docket No. 7948-83.
United States Tax Court
T.C. Memo 1985-125; 1985 Tax Ct. Memo LEXIS 509; 49 T.C.M. (CCH) 997; T.C.M. (RIA) 85125; March 21, 1985. Fera Wagner, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to the provisions of section 7456 and Rules 180, 181 and 183. [1] The matter is before *510 us on respondent's oral motion to dismiss for want of proper prosecution and to award damages. Respondent determined a deficiency in petitioner's 1980 Federal income tax in the amount of $210.92, together with additions to tax under sections 6651(a), 6653(a) and 6654(a) in the amounts of $52.73, $10.54 and $13.50, respectively. The determination was based upon a failure to report income in the amount of $2,604 and to pay self-employment and FICA taxes thereon. Petitioner timely filed his petition with this Court, thus invoking its jurisdiction, at which time he resided at Canyon Lake, California. Respondent, by amendment to his answer, alleged that petitioner's unreported income for 1980 was $22,866.67, rather than $2,604 as set forth in the deficiency determination. Accordingly, respondent alleged, the correct amount of income tax deficiency is $4,811.67 and additions to tax under sections 6651(a), 6653(a) and 6654(a) are in the amounts of $591.92, $240.58 and $12.43, respectively. Petitioner, *511 who is but one of several hundred persons in the southern California area who filed identical--and frivolous--petitions with this Court, [2] failed to appear at either the calendar call or the recall of his case. Respondent, who bore the burden of proof in regard to the increase in deficiency pleaded in his amended answer, Rule 142(a), sustained that burden. Petitioner received nonemployee income during 1980 from Camp America in the amount of $1,756 and from Angelo Mars in the amount of $848. Additionally, he received compensation as an employee from M & C Enterprises in the amount of $20,262.67. Respondent has successfully shown that petitioner's income for 1980 was $22,866.67. We now consider respondent's oral motion for damages *512 under section 6673. That section provides that this Court shall impose damages up to $5,000 when proceedings have been instituted or maintained primarily for delay or where the petition is frivolous or groundless. Here, the petition stated that respondent bore the burden of proving the allegations in the deficiency notice, that petitioner was not required to file a return or pay a tax under the Internal Revenue Code, that petitioner received nothing of tangible value that qualified as income and he enjoys no grant of privilege or franchise, that petitioner was not in receipt of either gain or profit, and that petitioner did not volunteer to self-assess himself, that the income tax system is based on voluntary compliance and petitioner did not volunteer. Petitioner filed a request for jury trial which was denied. He filed a motion for summary judgment which was denied, and a motion for more definite statement which was denied. Petitioner's various documents, including the petition, were frivolous and groundless as a matter of law. See, e.g., ; , affg. *513 . Damages in the amount of $4,000 are awarded to the United States. An appropriate order and decision will be entered.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. See, e.g., ; ; ; ; ; ; and .↩